## Martin Prindle *v.* William Page.

Where the plaintiff and defendant were co-sureties upon a promissory note, and the plaintiff had obtained from the principal a lease of certain premises, and, in consideration of the demise, covenanted, in the lease, that he would pay the note in question, and thereupon he took possession of the premises, and subsequently paid the note, and the premises were in fact subject to a prior mortgage, which had become absolute at the time of the execution of the lease, and the mortgagee *immediately thereafter brought his bill and obtained a fore-*closure of the equity of redemption, and also brought his action of ejectment against the plaintiff and recovered judgment for the possession and for the rents and profits during the time the plaintiff had retained the possession, it was held, that the plaintiff might recover against his co-surety, in an action for money paid, one half of the amount so paid by him upon the note,—the principal having become insolvent.

And the plaintiff having in fact paid the note after the commencement of the action of ejectment against him, and at or about the time of the recovery in the same, it was held, that the presumption must be, that he paid the note by reason of his original liability as surety, and not by reason of any supposed liability arising from his covenant in the lease.

And the plaintiff having, by virtue of the same lease, acquired the right to the use of certain farming implements, of small value, during the term, and having in fact had the use of them, but having, at the same time, as part of the contract, released a debt, amounting to $100, which was due to him from the principal, it was held, that the defendant was not entitled to claim, that the value of the use of this property should be allowed against the plaintiff's claim for contribution.

Prindle *v.* Page.

INDEBITATUS ASSUMPSIT for money paid, laid out and expended. Plea, the general issue, and trial by the court, September Term, 1846,—ROYCE, Ch. J., presiding.

It appeared, that the plaintiff and defendant, as sureties, had signed a note with one Farnsworth, who was the principal, to the town of Fairfield; and that the plaintiff had subsequently paid the note, without suit, but upon demand of payment by the town.

The defendant gave in evidence a lease, under seal dated April 8, 1843, executed by Farnsworth and the plaintiff; by which Farnsworth demised to the plaintiff, until April 1, 1846, certain premises, and also certain farming tools, of small amount, and the plaintiff covenanted, that he would pay the note in question to the town of Fairfield, and would surrender to Farnsworth a note for one hundred dollars, which was then due to him from Farnsworth. The lease contained no covenant for quiet enjoyment. It appeared, that the land described in the lease was incumbered by a prior mortgage executed by Farnsworth; that soon after the execution of the lease a bill of foreclosure was brought by the mortgagee, and a decree of foreclosure obtained, which became absolute without redemption; that the mortgagee also commenced an action of ejectment against the plaintiff, founded upon the mortgage, and recovered judgment for the possession, and also for the rents and profits during the time the plaintiff had retained possession of the premises under the lease; and that the recovery in the action of ejectment was had immediately previous to or about the time of the payment of the note by the plaintiff. It was conceded, that Farnsworth had then become insolvent and had left the country.

Upon these facts the county court rendered judgment for the plaintiff, for one half of the amount paid by him upon the note. Exceptions by defendant.

*Stevens & Edson* for defendant.

Here was no express promise by the defendant to pay or contribute to the plaintiff; but the plaintiff covenanted, under seal, to pay the amount for Farnsworth, and when he made the payment, he was merely fulfilling that obligation; and the law will raise no implied promise, as against the defendant, other than is contained in the contract, which the plaintiff was then performing. *Bailey v.*

*Bailey*, 16 Vt. 657. Theob. Pr. & Sur. 199. *Longley* v. *Griggs*, 10 Pick. 121. The plaintiff, by his covenant with Farnsworth to pay the amount of the note and taking security therefor, discharged the principal, as between principal and surety; and whatever discharges the principal will also discharge the liability of the co-surety. *Hobart* v. *Stone*, 10 Pick. 215. Theob. Pr. & Sur. 204.

*J. & J. G. Smith* for plaintiff.

The defendant can only be relieved from his liability to pay to the plaintiff a moiety of the sum paid by him by proof that the plaintiff had in fact received from Farnsworth the amount which he paid. The mortgagee had a right to the possession of the premises at the time of the execution of the lease, and subsequently enforced that right. Consequently, there was a total failure of the consideration for the contract between the plaintiff and Farnsworth; and Farnsworth could not have recovered against the plaintiff for a breach of the contract; and if the plaintiff had paid Farnsworth for the use of the premises, he could have recovered back the money in an action of assumpsit. *Bliss* v. *Negus*, 8 Mass. 46. Peake's Ev. 219. 2 Stark. Ev. 113. *Neel* v. *Deans*, 1 Nott & Mc Cord 210.

The opinion of the court was delivered by

KELLOGG, J. This is an action of assumpsit, to recover of the defendant the moiety of a note executed by the plaintiff and the defendant, as the sureties of one Farnsworth, to the town of Fairfield, and which the plaintiff has been compelled to pay. Upon the facts detailed in the bill of exceptions the county court rendered judgment for the plaintiff; and in so doing the defendant insists there was error.

1. For the reason, that the plaintiff entered into an arrangement with Farnsworth, the principal, by which the plaintiff bound himself, *under seal*, to pay the note in question.

If the plaintiff received of the principal an equivalent for the purpose of enabling him to meet the payment of the note, it would seem to be quite clear, that he could not call upon his co-surety for contribution; for the amount so received would, in law, enure for the benefit of the defendant, as well as the plaintiff. Indeed, should he refuse to apply the amount so received to the payment of the note,

Prindle *v.* Page.

equity would compel him to make the application. And if he should apply it to the purposes, for which it came from the principal to the hands of the plaintiff, he would not, by reason of such application, have a claim upon the defendant for contribution. But the plaintiff insists, that though he received a lease from Farnsworth of a farm, which he, Farnsworth, had previously owned and then occupied, in and by which lease, and in consideration of which demise, the plaintiff bound himself by covenant to pay the note, yet that *he took nothing by the lease*, derived no benefit from it, and therefore was not bound by his covenant. The case discloses, that the farm in question, at the time of the execution of the lease, was encumbered with a mortgage executed by Farnsworth, and that immediately thereafter a bill was brought to foreclose the equity of redemption, and an action of ejectment to recover possession of the premises,—in which action the plaintiff was held chargeable to the mortgagee for the rents and profits for the entire period he occupied the same. For aught that appears, the plaintiff, in entering into this arrangement with Farnsworth, acted in good faith and with an honest intention to obtain from the principal, if possible, the means to pay the note, and thereby benefit the defendant equally with himself. This object, however, failed, without the fault of the plaintiff. Does, then, the undertaking of the plaintiff, though under seal, founded upon a consideration which has entirely failed by the eviction of the plaintiff from the demised premises by an elder and paramount title, compel him to pay the note and deprive him of all claim upon his co-surety for contribution?

The action is an equitable one, and the claim is certainly most equitable; and is there any rigid and unbending rule of law, which, when applied to the facts in the case, must necessarily deprive the plaintiff of this highly equitable claim? If so, it must be upon the principle, that the plaintiff is bound by his covenant in the lease to pay the note, notwithstanding there are no covenants on the part of the lessor, to which the plaintiff can resort for redress, and notwithstanding the plaintiff's eviction from the premises by an elder and paramount title, by means of which the plaintiff has been deprived of all benefit and advantage from the lease. And such, the defendant insists, was the legal effect of the plaintiff's covenant. To this proposition we cannot yield our assent. And for the purpose of

13

testing the question, let us inquire, whether, under the circumstances, Farnsworth, the lessor, could have enforced this covenant. Suppose the lessor were to institute a suit. upon the plaintiff's covenants in the lease, alleging for breach the non-payment of the note; could not the plaintiff plead his eviction from the demised premises by the elder and paramount title of Farnsworth's mortgagee, as an excuse for the non-payment of the note? We think, most assuredly, he could, and that it would be a good defence. 1 Saund. 204, note 2. 2 East 576. If, then, the undertaking of the plaintiff to pay the note could not have been enforced by Farnsworth, upon what ground can it be said to discharge the defendant from his liability to contribution? We know of none. The effort of the plaintiff to obtain of the principal the means to pay the note having entirely failed, and it not appearing that the defendant had been in any manner prejudiced by the arrangement, we see no reason, why he should not be held to contribute to the payment of the note.

2. It is farther urged, that the plaintiff paid the note by reason of his supposed liability arising from his covenant, and that, in so doing, he acted as principal, and not as surety. We do not think this objection warranted by the facts in the case. The payment was made to the town of Fairfield after the commencement of the action of ejectment, and *at or about the time* of the recovery in the same. He must then have known his liability to the mortgagee for the rents and profits, and that he was absolved from his covenant to Farnsworth by reason of the eviction; and to hold that he made the payment, under such circumstances, by reason of his covenant would be doing violence to every fair and reasonable presumption. Had the payment been made before the commencement of the suit in ejectment, and while he might have entertained a reasonable expectation of retaining the possession of the demised premises, it might, perhaps, have deserved a different consideration. But at the time he paid the note, a state of things existed, which discharged him from his covenant. The fair presumption, therefore, is, that he paid the note by reason of his original liability as surety upon the same.

3. It has been said in the argument, that, inasmuch as the plaintiff, during the summer of 1843, had the use of certain farming implements, which were leased to him by Farnsworth, the fair value

of such use should be deducted from the amount paid by the plaintiff to the town of Fairfield. The amount thus claimed is of exceeding small value; and when we take into consideration, that the plaintiff, to obtain the lease, surrendered to Farnsworth a note of one hundred dollars, which he held against him, the conclusion is irresistible, that he made him a liberal compensation for the use of these petty articles. Indeed, we cannot perceive any legal or equitable ground, upon which the defendant can claim to have the use of these articles deducted from the amount claimed by the plaintiff.

The judgment of the county court is affirmed.