WILLIAM H. FLOYD, Respondent, v. RICE D. GILKEY, Appellant.

Kansas City Court of Appeals, February 6, 1888.

1. PRINCIPAL AND SURETY—WHAT CONSTITUTES SURETYSHIP—CASE ADJUDGED.—Where a bond was given, as in this case, for the purpose of procuring a stay in the case, under agreement of parties to suit, where the judgment was against defendant here and another, the bond was given as much for the benefit of defendant as that other; and if defendant requested plaintiff to execute the bond, the plaintiff, in so doing, became the surety of defendant as much as that of that other.

2. PRACTICE—PETITION—AVERMENTS OF, IN THIS CASE, MAKE IT AN ACTION AT LAW.—The petition in this case stated the facts constituting the plaintiff the defendant's surety, and averred such to be the fact, and based the plaintiff's right to recovery on such fact. The issue as to that fact, raised by the pleadings, was a legal issue. This is not affected by the fact that the petition contained other matters of equitable cognizance, which were abandoned at the trial.

APPEAL from Buchanan Circuit Court, HON. JOSEPH P. GRUBB, Judge.

*Affirmed.*

Statement of case by the court.

The petition in this case is as follows:

"For amended petition herein, plaintiff states that, at the January term of this court, 1878, four suits were pending herein, wherein the Chouteau Insurance Company was plaintiff; one against this plaintiff as defendant, one other against one Rufus K. Ford as defendant, one other against Rice D. Gilkey and John J. Abell as defendants, and one other against John J. Abell and Rice D. Gilkey, defendant herein, as defendants; that said causes were similar, and it was agreed by and between the defendants in said cases and the plaintiff that only the Floyd case should be tried, and that all the

other cases should abide the result of such trial; that, on the trial of said Floyd case, judgment was rendered at said January term in favor of said plaintiff and against said Floyd, and thereupon judgments were rendered in all the other of said cases for the amounts respectively claimed; that the judgment in favor of the said Chouteau Insurance Company against said Abell and Gilkey was for the sum of three hundred and twelve and fifty one-hundredths dollars and costs of suit; that it was thereupon agreed by and between all of said judgment defendants and the plaintiff therein that each and all of said defendants should make and file in their respective cases their affidavits and bonds for appeal from said judgments to the Supreme Court of Missouri, with stay of execution, and procure an order of court granting appeal in each case, and the arrangement was made and entered of record in each of said suits; that the Floyd case alone should be prosecuted to the Supreme Court, and that the remaining three cases should abide the result of said prosecution; that said Floyd case was decided at the October term, 1881, of said Supreme Court, as reported in 74 Mo. 280 and following, affirming the judgment of this court, and that, by virtue of said judgment and agreement of record, all the said judgments were affirmed, including said judgment against said Abell and Gilkey; that, in perfecting the said appeal in said last-named case, the plaintiff herein, at the special instance and request of said defendants and appellants, Gilkey and Abell, executed, as surety for said judgment defendants and appellants, an appeal bond, which is on file in said cause, in words and figures as follows, to-wit:

" ' Chouteau Ins. Co. 
     " ' v.
" ' Abell et al.

" ' We, John J. Abell, as principal, and R. K. Allen and Wm. H. Floyd, as sureties, acknowledge ourselves indebted to the Chouteau Insurance Company in the sum of six hundred and twenty-five dollars and the

unadjudged costs that have accrued in the above-entitled cause in the circuit court of Buchanan county, Missouri, for the payment of which, well and truly to be made, we bind ourselves, our heirs, executors, and administrators firmly by these presents.

"'The consideration of the above obligation is as follows:

"'Whereas, judgment was rendered in the circuit court of Buchanan county, Missouri, at the January term, 1878, in favor of plaintiff herein and against the defendant, for $312.50 and costs, and also in favor of this plaintiff in three other cases of similar character, and respectively entitled: *Chouteau Insurance Co. v. W. H. Floyd, same v. Ford*, and *same v. Gilkey et. al.*, and whereas, an agreement has been made, and entered of record, that, of these four cases, the Floyd case shall alone be prosecuted to the Supreme Court of the state, and that the remaining three shall abide the result of that case. Now, therefore, if said Abell shall well and truly pay, or cause to be paid, the amount of the judgment herein rendered, and the unadjudged costs, in the event that the judgment of the said circuit court, in the said Floyd case, shall be affirmed in the said Supreme Court, then this bond to be void ; otherwise to be and remain in full force and effect.

 "'[Signed]   JOHN J. ABELL. [Seal]
       "'R. K. ALLEN. [Seal]
       "'WM. H. FLOYD. [Seal]'

"Plaintiff states that, by the terms of said bond on file in said case, the plaintiff acknowledged himself indebted to the Chouteau Insurance Company in the sum of six hundred and twenty-five dollars and the unadjudged costs accrued in the cause, on condition that, whereas, judgment was rendered in the circuit court of Buchanan county, Missouri, at the January term, 1878, in favor of said plaintiff therein, and against the defendant, Abell, for $312.50 and costs, if Abell and Gilkey, or either of them, shall well and truly pay, or

cause to be paid, the amount of said judgment of the said circuit court in the said Floyd case, in the event the said judgment shall be affirmed in the said Supreme Court, then said bond to be void. But plaintiff states that he executed said appeal bond with the understanding, by and between himself and said Gilkey, that he did so as surety for said Gilkey as well as said Abell, and that Gilkey was co-appellant, appealing from said judgment, and that he also was to be principal in the bond, or another bond of like import, in said case, and no knowledge to the contrary came to plaintiff until after the subsequent action of the Supreme Court in the premises; that the failure of said Gilkey to make and file in said case his appeal bond and the filing of said Abell appeal bond by Gilkey, as thus executed, and afterwards disclaiming the said appeal, was a deception and a fraud on this plaintiff, and his intention to do so was fraudulently concealed from plaintiff; that the erasure of the following words appears in the body of said appeal bond, by ink line through the same, to-wit; 'and Gilkey, or either of them,' causing said bond to appear to read as though plaintiff executed same as surety for Abell alone, and as though Abell alone appealed.

"Plaintiff further states that said appeal was perfected and said bond given with said Gilkey's knowledge, consent, and concurrence, and for his own as well as said Abell's benefit, and in pursuance of his request, and of the agreement that but one of said cases should be appealed; that said erasure was fraudulently concealed from plaintiff, and plaintiff thinks and believes said erasure was made after his signature was procured to the instrument with those words included; that said Abell at that time was, ever since has been, and still is, insolvent, and that Gilkey well knew it; that Gilkey was not, and is not, insolvent; that, pending said appeal, said Gilkey claimed as a right, and procured, a stay of execution in the said judgment, on the ground that he, as well as said Abell, had appealed said case,

and said Gilkey regularly paid his part of costs as such appellant in the case, and as such appellant should, under the agreement, be included in said stay of execution ; that, after the affirmance of said judgment, the Chouteau Insurance Company, at the special request of said Gilkey, refrained from suing out an execution against said judgment defendants, Abell and Gilkey, on said judgment, and instead thereof proceeded to bring suit against plaintiff and his co-surety, Allen, on said appeal bond in this court, where it recovered judgment in the cause at the September term, 1882, for four hundred and one and eighty-seven one-hundredths dollars, in its favor and against this plaintiff, and said Allen, on account of said liability and to the full extent thereof and said debt, and plaintiff states that said Chouteau Insurance Company, induced by said Gilkey so to do, by assurance that Abell was insolvent, and by the promise on the part of the said Gilkey to it that the proceedings thus prosecuted by it against plaintiff and said Allen should in no way lessen or impair his, said Gilkey's, liability as one of the judgment defendants to pay the debt, and said insurance company sued out execution on its said judgment against plaintiff and Allen ; that this plaintiff thereupon paid the one-half of said judgment, interest, and costs, amounting to two hundred and twelve and eighty-three hundredths dollars, and said Allen paid the other half of said judgment, interest, and costs, amounting to a like sum, which plaintiff and said Allen were compelled to do, and did do, in order to fully discharge the said debt to said Chouteau Insurance Company, and the said judgment and execution, and which plaintiff and said Allen did, on or about the ——— day of Decmber, 1882.

"Plaintiff states that no part of said sum of money so paid by him, and to the use and benefit of said defendant, Gilkey, has ever been refunded or paid back to him ; that he has been damaged in said sum of two hundred and twelve and eighty-three one-hundredths dollars in the premises, and for which amount, with interest from

December, 1882, and costs of this suit, he prays judgment, and for such other and further orders, judgments, and decrees as may be right and proper herein."

The answer was as follows:

"Now comes the above-named defendant, and for answer substituted under order of the court, admits that the Chouteau Insurance Company, on or about the time mentioned in the petition herein, recovered judgment in the circuit court of Buchanan county, Missouri, against John J. Abell and this defendant in the sum of $312.50, but alleges that said judgment was so recovered against said Abell and defendant upon a stock note given by said Abell to said insurance company for said Abell's individual indebtedness to said company upon his, the said Abell's, stock subscription to said company; that upon and in said note this defendant was merely a surety for said Abell, as was well known to said insurance company and this plaintiff, and that this relation was fully shown by the records of said suit.

"Defendant admits that, in perfecting the appeal from the Buchanan circuit court to the Supreme Court of the state, said Abell executed his bond with plaintiff and one R. K. Allen, as his sureties, and that the bond was in words as set out in plaintiff's petition. Defendant denies each and every other allegation in said petition contained."

To the answer there was the following reply:

"Plaintiff, for his reply to defendant's answer herein, denies that defendant herein was merely surety on the alleged stock note, and denies that said note was given for said Abell's individual debt. Denies that plaintiff had any knowledge, or that the record shows that said defendant, Gilkey, was surety merely on said note."

A jury having been waived, there was a trial before the court sitting as a jury.

The evidence showed that defendant was surety on the note sued on in the case of the insurance company against Abell and himself, in which the bond in suit was

given. There was no evidence of any fraud or erasure as charged in the petition. No evidence whatever was offered in support of those charges. The plaintiff testified that he was requested by the defendant to execute the bond in suit, and. Allen, plaintiff's co-surety, testified that he was also requested by the defendant to execute the bond. This testimony was contradicted by both Allen and the defendant. The evidence showed the facts to be, in other respects, as alleged in the petition, except that there was no other evidence of concurrence by the defendant in the execution by plaintiff of the bond in suit in addition to that already stated. The evidence showed that a bond similar to the one in suit was given in the other cases, and that such bonds were given in pursuance of the agreement, alleged in the petition, that those cases should abide the final result in the case against Floyd which had been appealed. No declarations of law were asked or given. From a judgment in favor of the plaintiff the defendant has appealed to this court.

· DONIPHAN & REED, for the appellant.

I. (a) A careful reading of the petition will show the theory of the petition to be, that plaintiff has paid out money as a surety of defendant. He avers that he executed the Abell appeal bond with the understanding between himself and Gilkey that he did so as surety for said Gilkey, as well as said Abell. And carrying this theory through the entire petition, he closes by asking judgment against defendant for the full amount so paid. Now the bond itself ought to be the best evidence as to who Mr. Abell's sureties were. The bond discloses, (1) that Mr. Abell alone appealed ; (2) that Allen and Floyd were his sureties. " We, John J. Abell, as principal, and R. K. Allen and Wm. H. Floyd as sureties," etc. These are the opening words of the bond. This shows, conclusively, that Abell alone was this plaintiff's principal. (b) But plaintiff says that defendant requested him to sign Abell's appeal bond. The plain-

tiff's own testimony is the only evidence of this. The defendant swears to the contrary. Our Supreme Court has said that, where "the two parties contradict each other on a material issue, there must be, independent of plaintiff's statement, some corroboration of it from other witnesses to authorize the court to disregard the denial of the defendant under oath." *Gillispie v. Stone*, 70 Mo. 512; *Allison v. Ward*, cited in 23 C. L. J. 475. The testimony of Abell corroborates that of defendant.

II. But they may say, Gilkey knew of such appeal and consented and concurred therein, and they may cite: *Dillon v. Scofield*, 11 Neb. 423. We call this court's careful attention to this case. The plaintiff was a surety upon an appeal bond—a second bond in the case—he had been compelled to pay, by a judgment upon that bond. He then brings suit against the two sureties in a former bond, and avers in his petition that he signed the second bond as surety for those who were sureties in the first bond, as well as for the principal in that bond, making by this averment principals as to the second bond out of those who were, in fact, only sureties in the first bond. Now this averment, by a demurrer to the petition, was thereby admitted to be true. On page 422 of this case, the court say: "It stands admitted that the plaintiff signed and executed the said *supersedeas* bond as security for the defendants, Hamlin & Keegan, as well as for Scofield." Now, in the case at bar, you find a similar averment that plaintiff signed the Abell appeal bond with the understanding between himself and Gilkey that he did so as surety for said Gilkey, as well as said Abell. But this averment we have shown to have been untrue. What the demurrer in the Nebraska case admits, we have disproved. Now, the Nebraska case turned upon this admission. That admission made those who were sureties in the first bond, principals in the second, and so made a case by admission which is not made by proof in this, but, on the contrary, is disproved. The Nebraska case is, therefore, an authority for us.

III. Under the petition the case should end here, for they state no case of either subrogation or contribution. Plaintiff affirms broadly that defendant was his principal, and asks in his own right full remuneration. We have shown that we never sustained that relation to him, and hence he can recover nothing. If, however, plaintiff should claim that under the prayer for any relief, he is at least entitled to contribution, we say such claim is unfounded in the law. The record shows that Gilkey was merely the surely of Abell in the note to the insurance company. It further shows that Gilkey neither went upon nor requested this plaintiff to go upon Abell's appeal bond. That this plaintiff's intervention in, and connection with, the Abell case was solely at the request of Abell. We submit the authorities show that, under these facts, this plaintiff can not recover in this case. Sheldon on Subrogation, sec. 131; *Chaffin v. Campbell*, 4 Sneed (Tenn.) 184. *Daniel v. Joyner*, 3 Ired. Eq. (N. C.) 513; *Dent v. Wait*, 9 W. Va. 48–49; *Brandenburg v. Flynn*, 12 B. Mon. 397; *Armstrong's Appeal*, 5 Watts & Serg. 352; *Chrisman v. Jones*, 34 Ark. 77; Brandt on Suretyship and Guaranty, sec. 227.

IV. But counsel may say that, under the principle of subrogation, they are entitled to recover. The right of subrogation rests upon the fact that the party paying is the surety of him who is sought to be made responsible. *Evans v. Halleck*, 83 Mo. 379; *Wilson v. Brown*, 13 N. J. Eq. 277; Sheldon on Subrogation, sec. 86. Now this essential foundation fact is wanting in this case. Gilkey was not Floyd's surety. The appeal bond shows who this plaintiff was surety for. We would not be understood as saying that the doctrine of subrogation is confined to cases of suretyship. But in this case they have attempted to work their rights out through this relation of principal and surety, and upon that line they must succeed or fail. "It is a great mistake," says Judge Philips, of this court, "to suppose that one cause of action can be stated in a bill in equity, and by some sort of comprehensive flexibility of chancery jurisdiction,

relief can be administered, growing out of a state of facts not embraced within the facts pleaded." *Newham v. Kenton,* 79 Mo. 385.

L. E. Carter and H. K. White, for the respondent.

I.   This is an action at law, and having been submitted to the court without the intervention of a jury, without instructions having been asked on either side, and there being substantial evidence to support the judgment, it will be affirmed by the appellate court. *Johnson v. Lullman,* 88 Mo. 567; s. c., 15 Mo. App. 55; *Gaines v. Fender,* 82 Mo. 497; *Hamilton v. Boggess,* 63 Mo. 233.

II.   As Floyd's appeal was prosecuted with the concurrence and request, and for the benefit, of Gilkey, the relation of Gilkey as surety of Abell, in the case of Chouteau Insurance Company against Abell and Gilkey, remained unchanged by giving *supersedeas* bond with Floyd as surety for Abell. Sheldon on Subrogation, sec. 133; *Dillon v. Scofield,* 11 Neb. 419; *Hartwell v. Smith,* 15 Ohio St. 200.

III.   If the action be regarded as a case in equity, the appellate court will defer to the finding of the trial judge upon the weight of evidence. *Judy v. Bank,* 81 Mo. 404; *Erskine v. Loewenstein,* 82 Mo. 301; *Snell v. Harrison,* 83 Mo. 652.

Hall, J.—The bond in suit was given, under the agreement of the parties to the original suits, for the purpose of procuring a stay in the case where the judgment was against both Abell and the defendant. The bond was given as much for the benefit of the defendant as of Abell, and, if the defendant requested plaintiff to execute the bond, the plaintiff in so doing became the surety of the defendant as much as that of Abell. *Hartwell v. Smith,* 15 Ohio St. 206. This is so clear that the defendant's counsel do not dispute it. But they deny the fact that the defendant made such request, and refer us to the evidence in support of their denial.

If this action is to be considered on this appeal as an action at law, inasmuch as no declarations of law were asked or given, the only thing for our decision would be the question as to whether there was any evidence to support the verdict. In determining that question we would not review the facts or weigh the evidence ; we would look to see only whether there was any evidence. Is this action an action at law or a suit in equity ? The petition does state facts going to make a case for the reformation of the bond, of which matter a court of equity would only have cognizance, but not only was there no prayer for any such relief, a matter of little or no moment in itself, but there was no evidence offered to prove those facts. The petition in no other respect stated any facts of equitable cognizance ; in unnecessary detail it stated the facts constituting the plaintiff the defendant's surety, and averred such to be the fact, and based the plaintiff's right to a recovery on such fact. The issue as to that fact raised by the pleadings was a legal issue, and as to it the parties were entitled to a jury. The jury was waived, but the issue remained a legal issue, and as such was tried by the court. The plaintiff having abandoned the allegations of the petition as to fraud in the execution of the bond, and its alteration afterwards, the only issue tried was the legal issue just stated. It is true that the principle determining the rights of successive sureties to subrogation against each other did have much to do with the proper determination of the question as to whether the plaintiff was the defendant's surety, provided the defendant had not in fact requested the plaintiff to execute the bond ; but in no other sense did the plaintiff's case depend upon the principle of subrogation. In this case no subrogation was sought, but the plaintiff simply sought to recover money paid by him as the defendant's surety. It seems very clear to us that, under the circumstances stated, this case must be deemed an action at law and not a suit in equity.

Since no declarations of law were asked or given, it

is impossible for us to say whether the court found that the defendant did or did not request the plaintiff to execute the bond. Therefore, inasmuch as there was sufficient testimony to warrant the court in finding that such request was made, we do not feel called upon to express any opinion as to the merits of this case on the hypothesis that no such request was made. Since the replication denied that the defendant was Abell's surety, as averred in the answer, and the proof all showed that the defendant was such surety, and yet the plaintiff recovered, it may be well to say that the recovery was had, not on the ground of such suretyship, but despite it.

No error appearing the judgment is affirmed. All concur.