## H. T. SCOTT, Appellant, v. C. C. NAACKE ET AL.

**Intoxicating liquors:** STATEMENT OF CONSENT: AMENDMENT. The statute relating to the statement of consent to the sale of liquor will be literally construed, and when once filed it can not be amended by adding additional names thereto.

**Same.** The identical names on the statement of consent must appear on the poll books of the preceding election; and where the signature is by mark it should not be counted unless witnessed.

**Same.** The statement of consent must show the date of each signature. It is not sufficient to show that they were obtained between certain dates.

*Appeal from Lee District Court.*—HON. HENRY BANK, JR., Judge.

WEDNESDAY, OCTOBER 20, 1909.

AN action to test the sufficiency of a statement of general consent to sell intoxicating liquors in certain towns in Lee County. Upon a trial the statement was found sufficient, and the plaintiff appeals.—*Reversed.*

*John P. Hornish,* for appellant.

*Hamilton & Frailey,* for appellees.

*T. A. Craig,* for Lee County.

SHERWIN, J.—On the 13th day of November, 1905, the appellees filed with the auditor of Lee County a statement of general consent to sell intoxicating liquors in the towns named therein. On the same day the said auditor published a notice of the filing of said petition, and that it would be canvassed by the board of supervisors on the 28th day of the same month. On November 28 the board of supervisors began the canvass of the petition so filed, meeting and adjourning from time to time, and on the 9th day of December the board passed a resolution declaring said petition sufficient. Between the 13th of November, the date of the filing of the first statement and the publishing of notice thereof, and December 9th, some thirty-three additional statements or petitions were filed with the auditor, containing two hundred and nine additional names, which were counted by the board of supervisors as part of the original petition filed November 13th. On the petitions filed on the 13th of November there were two hundred and thirty-two names not found on the poll lists for 1904. About ninety names appearing on petitions were not identical with the corresponding names on the poll lists, and there were seventy withdrawals of names from the petitions, which withdrawals were considered and allowed in the canvass. Sixty-five percent of the total vote of the county in 1904 is two thousand, three hundred and thirty-seven in round numbers, and for the purposes of this appeal it is conceded that all petitions filed contained an aggregate of two thousand, seven hundred and two names, or three hundred and sixty-five more than the required sixty-five percent.

The main controversy between the parties centers around the appellant's contention that all names appearing on the statements or petitions filed after the 13th of November, 1905, were improperly considered and counted by the board of supervisors and by the district court. Code, sec-

tion 2449, provides for statements of general consent for cities having less than five thousand inhabitants and for towns, and section 2450 provides that only one statement of general consent shall in any event be canvassed by the board of supervisors in any one year. The same section also provides that all statements of general consent, filed with the county auditor as provided in the two preceding sections, shall be publicly canvassed by the board of supervisors, at a regular meeting, "at least ten clear days' notice of such intended canvass having been previously published by the county auditor in the official newspapers of the county." Section 2452 says that "all statements of general consent shall show the voting precinct of the signers thereof, and date of signing, and no name shall be counted that was not signed within thirty days prior to the filing of said statement of general consent." The statute nowhere provides for adding additional names to statements of general consent after such statements have been filed with the auditor and noticed for hearing, and we are of the opinion that statements filed subsequent to such time should not be considered. The filing, notice, and public canvass of such statements is for the protection of the public, and the statute relating thereto should be literally construed. If additional statements or petitions are allowed after the original is filed and noticed for hearing, it will open the door for indefinite filings, and the original statement may be formal only, while it was undoubtedly the intent of the statute that, unless the petition on file at the time of the publication of notice of its canvass is sufficient, it must fail. To hold otherwise would be to open the door for the filing and canvass of more than one such statement in a year. For if, after a partial canvass by the board of supervisors, it became apparent that the statement would prove insufficient on account of withdrawals, or for other reasons, the petitioners would only have to provide another petition

containing additional names, and by so doing clearly defeat the plain language and purpose of the statute.

The appellees' contention that additional petitions should be considered under the rule as to withdrawals announced in *Green v. Smith,* 111 Iowa, 183, is not sound. The statute itself says what steps shall be taken as to the petition, while nothing is therein said as to the manner of withdrawing names therefrom. In that case we considered the latter question only and the statement in the opinion that the board of supervisors, has only to deal with the statement of consent as it comes to it, applies only to the matter then under consideration. The trial court allowed the withdrawals, and did not err in so doing. The statute does not prescribe any particular form therefor, while it does require certain formalities in the statements of general consent.

The names on the statement of consent must appear on the respective pollbooks of the last preceding general election. Code, sections 2448, 2449; *Porter v. Butterfield,* 116 Iowa, 725. And names appearing on the petition that are not identical with the corresponding name on the poll list can not be counted. *Wilson v. Bohstedt,* 135 Iowa, 451. Where the signature is by mark, we think it should be witnessed, and unless so witnessed, should not be counted.

The statute requires the statement to show the date of the signature of each signer, and we do not deem it a sufficient compliance therewith to show, by the affidavit attached thereto, that all signatures were made within a certain period. The date may be used for identification, as well as for any other purpose, and it is no hardship to require a literal compliance with the statute. From any point of view it is manifest that the statement was insufficient, and should have been so declared.—*Reversed.*