In re Statement of General Consent to the sale of Intoxicating Liquors in Winneshiek County.

WM. M. LEMON, MAHLON WILLETT and T. E. THOMPSON, Appellees, v. OTTO DREXEL and HENRY POTRATZ, Appellants.

Intoxicating liquor: CONTEST OF STATEMENT OF CONSENT: BOND: SUFFICIENCY. The statute providing that any citizen may contest the sufficiency of a statement of consent to the sale of liquor, upon the filing of a "sufficient bond" for costs, means that the bond shall be adequate for that purpose, and has no reference to the conditions of the instrument: So that a bond containing an adequate penalty fixed by the clerk of court, rather than unconditionally providing for the payment of all costs, is within the contemplation of the statute; and the same should be filed and approved by the clerk.

Same. Such a bond is not void because designating alternative obligees, as the same will inure to the benefit of all parties sustaining loss whether named or not.

Same: STATEMENT OF CONSENT: WITHDRAWAL OF NAMES. Withdrawal of names from the statement of consent to the sale of liquor may be made after the statement has been filed with the auditor and he has made a preliminary canvass and caused notices to be published, but no names can be added to the statement after it has been filed, nor will withdrawals of withdrawals operate to reinstate names on the original statement.

Same: IDENTITY OF NAMES WITHDRAWN: WAIVER OF OBJECTION. The fact that the withdrawals in this case referred to statements of consent circulated on a certain date and now being circulated in the county, when in fact their circulation had been completed and they were before the board for consideration, and that the board, without objection, regarded the withdrawals as sufficiently indicating the statements from which the names were sought to be withdrawn, did not authorize the appellants to raise the question of identity of names on appeal.

*Appeal from Winneshiek District Court.*—HON. A. N. HOBSON, Judge.

WEDNESDAY, JULY 5, 1911.

THIS is an appeal from an order of the district court finding that certain statements of consent to the sale of intoxicating liquors in Winneshiek County were insufficient. —*Affirmed.*

*E. W. Cutting,* for appellants.

*N. Willett* and *John C. De Mar,* for appellees.

DEEMER, J.—Four thousand eight hundred thirty-two electors voted at the general election for the year 1910 in Winneshiek County. On that day statements of general consent to the sale of intoxicating liquors in said county were circulated, and something like 3,026 names were secured. These statements were kept in circulation until November 28, 1910, when the same were filed with the county auditor. At that time the statements contained 3,425 names. These statements were filed by Otto Drexel and Henry Potratz, appellants herein. Immediately upon the filing of these statements, the auditor issued a notice to all parties of the filing thereof, and that the board of supervisors would canvass the same on December 12, 1910. This notice was published as required by law; the dates of publication being November 29th, November 30th and December 1st, respectively. On November 25th there were filed in the auditor's office 51 withdrawal sheets, containing the names of 424 persons who had previously signed the statements of consent. It is claimed that the statements of consent contained the names of 40 persons who did not, according to the poll list, vote at the last preceding general election; that six of the signatures upon the statements were duplicates; and that 88 of the signatures to the statements of consent were of persons whose names were not upon the poll lists. Of the signatures on the withdrawal

sheets, it is admitted by appellees that but 347 thereof were on the statements of consent. Eleven withdrawals from withdrawals were filed on November 25th, December 3d, December 10th, and December 12th; the majority of these being filed on December 12th. The matter came on for hearing before the board on the day fixed; the county attorney, and perhaps others, appearing and contesting the sufficiency of the statements. The case was continued from day to day until the 22d of December, when it was concluded, and a finding made by the board that the statements were sufficient.

On January 9, 1911, Lemon, Willett, and Thompson, appellees herein, filed with the clerk of the district court a bond in the sum of $1,000, the penalty being fixed by said clerk, the said bond being filed under the provisions of section 2450 of the Code, to which we shall presently make further reference. And on the same day said parties filed in the clerk's office a general denial of the sufficiency of the statements of consent. Thereupon, and on the same day, the county attorney served notice of appeal upon Otto Drexel and Henry Potratz, which was filed in the clerk's office, and in response thereto Drexel and Potratz filed a cost bond in the sum of $1,000. When the case reached the district court, Drexel and Potratz filed a motion to dismiss the appeal because (1) of insufficiency of the bond given by Lemen et al.; (2) because the conditions thereof were not as required by law; and (3) because the bond was never approved by any one, and upon other grounds not necessary to be stated at this time. This motion was overruled, and from the record it appears that thereafter the statements of consent, with the withdrawals and other documentary evidence before the board, were filed in the district court, together with the order of the board of supervisors made upon the canvass of the petition. Thereupon the case went to trial in the district court upon this documentary evidence and certain oral testimony offered on either side,

resulting in an order and judgment from which we quote the following:

It is ordered, considered, and adjudged by the court that the petition of consent in issue in this appeal does not contain the number of names required by law, but that there should be deducted therefrom the names of all signers thereon whose names do not appear upon the poll lists—31 names; also duplicate names of persons whose names appear more than once upon the petition of consent—5 names; and also the names of voters who voted at the general election in Winneshiek County, at the election in 1910, and signed the petition of consent, and who also signed the withdrawal list—380 names; and it is further adjudged by the court that after making such deductions, aggregating 416, the names of but 62.2723 percent of the legal voters who voted at the last preceding general election signed said petition of consent; and it is adjudged by the court that said petition of consent is insufficient. It is further adjudged by the court that the finding of the board of supervisors made thereon be, and the same is hereby, set aside and declared null and void and of no effect. Judgment against Otto Drexel and Henry Potratz for costs.

From this order and judgment, Drexel and Potratz appeal.

The entire record as made in the district court has been certified to us in its original form. It is very voluminous; but we do not find it necessary to examine it in its entirety. The questions relied upon for a reversal may all be determined without reference to some of the disputed questions of fact. Indeed, as now presented, the questions are largely of law, and as stated by counsel for appellants are as follows:

(1) The court erred in holding that a bond with a penalty limited to a fixed amount is a sufficient bond for the costs, as required by Code, section 2450. . . . (2) The court erred in holding that a bond which is satisfied by paying the amount of the costs to the appellees personally, who under the statute need not be parties in interest, is 'a sufficient bond for the costs,' as required by Code, section 2450. . . . (3) The court erred in hold-

ing that signers to statement of general consent to sell intoxicating liquors may withdraw therefrom by signing withdrawal lists circulated after the statement of general consent has been filed with the county auditor, and after the auditor has published notice of the canvass of the same by the board of supervisors in all of the official newspapers of the county, and after expense has been thereby incurred in good faith in reliance thereon. . . . (4) The court in holding that withdrawal petition to which are attached as a part thereof affidavits made and dated subsequent to the time of the filing of the petition of consent in question with the county auditor, making an oath that they were signed 'withdrawing each of said signatures from the petition of consent now being circulated,' can be considered as withdrawals from the consent petition under consideration, without proof of any kind that they were in fact intended for consideration in this matter.

I.   Section 2450 of the Code, so far as material, reads as follows: "If the board shall find the statement sufficient, any citizen of the county may, within thirty days thereafter, upon filing a sufficient bond for the costs, file with the clerk of the district court a general denial as to the statement of general consent, or any part thereof, whereupon the county attorney shall cause notice thereof to be served upon the person or persons filing said statement of consent with the county auditor, and said party shall within ten days file with said clerk a bond conditioned to pay the costs of the hearing in the district court in a sum to be fixed by the clerk of said court."

1. INTOXICATING LIQUOR: contest of statement of consent: bond: sufficiency.

This section has reference to two bonds—one to be given by a citizen, or citizens, of the county who challenge the finding of the board, which shall be "a sufficient bond for costs," and the other a bond from the person, or persons, filing the statements of consent conditioned to pay the costs of hearing in the district court, in a sum to be fixed by the clerk. The bond given by the citizens in this case reads as follows:

Know all men by these presents, that we, Wm. M. Lemen and Mahlon Willett and T. E. Thompson, principal, and G. R. Baker and L. T. Fosse, as sureties, are held, and firmly bound unto Otto Drexel & Henry Potratz in the sum of one thousand dollars, lawful money of the U. S. well and truly to be paid to the said Otto Drexel and Henry Potratz, their heirs, executors and assigns. The condition of this obligation is such that whereas, the said Wm. M. Lemen and Mahlon Willett, T. E. Thompson have appealed from the finding and holding of the board of supervisors of Winneshiek County, Iowa, holding and finding that the mulct petition of consent for the sale of intoxicating liquors in said Winneshiek County, Iowa, was sufficient, which said finding and holding was made and entered of record in the office of the county auditor of Winneshiek County, Iowa, on the 22nd day of December, 1910: Now if the said Wm. M. Lemen and Mahlon Willett, T. E. Thompson shall well and truly pay the costs which may accrue in this said appeal in this court or in any other court to which the same may be carried, either to the said Otto Drexel and Henry Potratz or to the officers of the court, this obligation is to be void, otherwise to remain in full force and virtue.

The penalty in the bond was fixed by the clerk of the district court, and bore this indorsement, signed by said clerk: "The within bond filed and sureties therein approved by me this 9th day of January, 1911. Olai Kallevang, Clerk of the District Court." The sureties upon the bond duly qualified as provided by statute, and the appellants from the finding made by the board made this recitation in the denial filed by them: "We further allege and show that we have filed with the clerk of the district court of said county a bond for the costs, as by law provided in section 2450 of the Code of Iowa."

Many objections are made to this bond. It is said that it is invalid because of the penalty fixed; that under the law there should have been no limitation, but that the bond should have been simply to pay the costs. Again it is argued that if a penalty is required it should have been

fixed by the county auditor, and the bond filed with and approved by him. Further it is argued that the conditions are invalid, in that it runs to Drexel and Potratz, or to officers of court, whereas it should have run to the county, or to some other person, perhaps to the parties filing the statements of consent, and not in the alternative, as it is now written.

A careful reading of the statutes meets these objections. The statute says a "sufficient bond" for costs. Does this mean that there shall be no penalty in the bond? and that it should unconditionally provide for the payment of all costs? We think not. The words "sufficient bond" mean nothing more than an adequate one, and have no reference, as a general rule, to the conditions to be embodied in the instrument. Whether or not it is equal to the ends proposed must be determined by some one, and this must be either the court, the county auditor, or the clerk of the district court. If the court, then we feel quite sure that the district court was justified in holding it adequate. If by the clerk of the district court, then, as the clerk fixed the penalty, the remedy, if that be too small, is not by motion to dismiss; and if by the county auditor, then there is a defect in the procedure, which might perhaps be treated as jurisdictional, although we make no pronouncement upon that proposition at this time. We think, however, that the fair construction of the statute is that the penalty in the bond shall be fixed by the clerk of the district court, and the bond filed with and approved by him. No grammatical rules are strained by such a construction, and the entire section seems to contemplate the filing of all papers with the clerk of the district court, after a finding by the board that the statements of consent are sufficient. Many authorities seem to hold that a bond without any penalty does not amount to a statutory bond (*Insurance Co. v. Lemmon,* 117 Iowa, 691), although it may be treated as a good covenant or agreement. But a bond, such as the one in suit,

with a penalty which seems adequate will not be treated as void, although the statute does not contemplate that there be a penalty fixed. As sustaining these views, see *Copeland v. Cunningham,* 63 Ala. 394; *Church v. Noble,* 24 Ill. 291; *Evarts v. Steger,* 6 Or. 55; *Bragg v. Murray,* 6 Munf. (Va.) 32; *Dodge v. St. John,* 96 N. Y. 260; *Treasurer of State Lunatic Asylum v. Douglas,* 77 Mo. 647.

Appellants' counsel cite some cases from other states in support of their contention that a bond, such as was here given, is not a compliance with the statutes of these states. Whatever may be said of these decisions, it does not appear that in any of them there was a statute like section 357 of our Code, reading as follows: "No defective bond or other security or affidavit in any case shall prejudice the party giving or making it, provided it be so rectified, within a reasonable time after the defect is discovered, as not to cause essential injury to the other party." Even though the bond should have been without penalty, it is not void, and there was no occasion to amend it for the reason that the penalty fixed was entirely adequate. No surety could defend, because a penalty was fixed in the bond, even if that penalty were fixed by one without authority. It was a sufficient bond. However, we are disposed to hold that a penalty should be fixed, and that the clerk of the district court was the proper official to do it.

II. The complaint as to the obligees named in the condition of the bond is without merit. Code, section 356, reads as follows: "Such security, when not otherwise directed may, if for the benefit of individuals, be given to the party intended to be secured

2. Same.

thereby; if in relation to the public matters concerning the inhabitants of one county or part of a county, it may be made payable to the county; if concerning the inhabitants of more than one county, it may be made payable to the state, but a mere mistake in these respects will not vitiate the security." See, also, *Charles*

*v. Haskins,* 11 Iowa, 329. The alternative character of the condition does render the bond invalid. See cases cited in 5 Cyc. 748, 749. It is an elementary rule that bonds required in judicial proceedings inure to the benefit of parties who may sustain loss, whether named or not. *McGlosson v. Bradford,* 7 Bush. (Ky.) 250; *Floyd v. Gilkey,* 29 Mo. App. 211; *Hipwell v. Surety Co.,* 130 Iowa, 656. Again, where two or more persons are designated as obligees, their rights under a bond are coextensive with their interests. *Smith v. Wainwright,* 24 Vt. 97; *Masterson v. Phinizy,* 56 Ala. 336. Appellants' contention that payment to Drexel and Potratz might discharge their entire obligation and leave the parties entitled to costs without remedy is without merit. The mistake, if there was one in the bond, did not deprive the court of jurisdiction.

III. Lastly it is argued that no withdrawals can be made from statements of consent after the auditor makes a preliminary canvass, and causes the notices to be published; and in this connection it is also argued that there was no testimony identifying the names upon the purported withdrawals with the names on the statements of consent. Cases from other states are cited in support of the first proposition, and some of them seem to do so; but we think the point is ruled by our own cases. See *Green v. Smith,* 111 Iowa, 183; *Scott v. Naacke,* 144 Iowa, 164. Nothing need be added to what is said in these cases. It is also claimed in this connection that the withdrawals had the effect of reinstating the names upon the original statements of consent. The case last cited disposes of this proposition, as we understand it. It was there held that no names can be added to the statement after it is filed.

There is, as we view it, nothing in the last proposition argued. Most of the withdrawals sufficiently indicated

3. SAME: statement of consent: withdrawal of names.

the statements from which the withdrawals were sought to be made. The defect pointed out in the others is this: The withdrawals referred to the statements of consent "which are now being circulated and which was being circulated on November 8, 1910, in Winneshiek County." From the facts hitherto recited, it is apparent that this was a sufficient identification. Others said, from "the petition of consent now being circulated in Winneshiek County." It is true that no statements were then being circulated. But it appears that the matter was then pending before the board, and that practically all of those who signed the withdrawals had signed the statements which were to be canvassed by the board. While the statements were not then in circulation, they were the ones which were to be canvassed by the board, and that those men who signed the withdrawals wished to have their names eliminated from the statements of consent is very clear. It must be assumed on this record that the withdrawals were from the statements which were to be canvassed by the board, and that at this time there were no other statements being circulated. The point is extremely technical, and as the county auditor and the board of supervisors treated these withdrawals as sufficiently definite, and as no objection was made to them in the district court upon the ground of indefiniteness, appellants are in no position to press the matter at this time. We have gone over the printed record with care, and are constrained to hold that the trial court was quite as liberal to appellants in its findings as the facts would justify, and that, were we to try the case anew, we should hold the statements insufficient.

The judgment must therefore be, and it is, *affirmed.*

4. SAME: identity of names withdrawn: waiver of objection.