WILLIAM CHURCH, Plaintiff in Error, *v.* GEORGE W. NOBLE, Defendant in Error.

ERROR TO COOK.

A bond conditioned for the payment of the sum of ——, with a blank for the amount, is void; nothing having been agreed upon as a payment.

THIS was an action of covenant, brought by the plaintiff in error against the defendant in error, to recover damages for the breach of a covenant, contained amongst others in a lease, dated March 22nd, 1858, made by defendant in error to plaintiff in error, for certain premises in the city of Chicago, known as the "American House." The declaration, after stating the execution of the lease, sets forth the covenant sued on, the breach thereof, and the claim for damages, in substance, as follows:

" And it is further expressly understood and agreed by and between the parties hereto, that said party of the first part (the defendant herein) may, at any time during the term hereby created, take down or cause to be taken down the west wall of said premises for the purpose of rebuilding the same : *provided,* that he shall cause the same to be rebuilt as speedily as possible,. and that in rebuilding said wall he may construct the same of such dimensions and thickness as he shall deem expedient, and either in whole or in part, upon said demised premises, as he shall judge most for his interest. The defendant further covenanted and agreed, that he should repair any damage that he might do said premises in taking down said walls, as speedily as possible, and should in addition pay the said party of the second part (the said plaintiff) the sum of ——."

" And said plaintiff avers, that he took possession of said premises under said indenture of lease, and held the same for a long space of time, to wit, for the space of six months, then next ensuing the date of said lease."

" And the plaintiff further avers, that after the making of the said indenture of lease, by the said defendant, and after the said plaintiff so took possession thereof under the said indenture, to wit, on the first day of April, 1858, the defendant, by his servants and employees, entered and took possession of so much of said premises as was necessary to the taking down and rebuilding of the said west wall of the said demised premises, and the defendant did then and there commence taking down said wall, and took down the same for the purpose of rebuilding the same in connection with the owners of the adjoining lot. That the defendant was engaged for a long time in taking down and rebuilding the same, to wit, the space of six months then next following. That during all the said time the plaintiff was thereby deprived of the use of divers rooms, etc. That the use of said rooms during the said time, etc., was worth the said sum of $1,500, and that the plaintiff deserves to have of and from said defendant said sum of $1,500, under the provisions of the said covenant in this behalf, as hereinbefore alleged; of all which the defendant then and there had notice."

The declaration then alleges performance of the said indenture of lease on the part of the said plaintiff, and avers non-payment of the said sum of $1,500.

The defendant craved oyer of the instrument, mentioned in the declaration, and oyer being given, said instrument appears in substance, as hereinbefore stated.

On oyer, defendant demurred to the declaration, and upon the hearing of said demurrer, the court below sustained the same, and gave judgment for the defendant in error, MANNIERE, Judge, presiding.

The plaintiff below, brings the cause into this court, and assigns for error, the decision of the court below, in sustaining the demurrer to his declaration.

W. B. SCATES, for Plaintiff in Error.

SCAMMON, McCAGG & FULLER, for Defendant in Error.

BREESE, J. Taking the appellant's law, as cited from Comyn on Contracts, 32, 33, and 2nd Parsons on Contracts, 18, 22, to be law, which we do not question, this case must be decided against him, and the decision of the court below affirmed. The quotation is this: " Where there is so great uncertainty that it cannot be known what is contracted for, the contract is void for uncertainty." It was on this ground, the judgment below was placed. What can be more uncertain, in one sense, than the contract here made: " and shall in addition pay the said

party of the second part, the sum of" ———— dollars; and yet, what can be more certain, that the party did not contract to pay anything. The party of the first part did not contract to pay anything in addition, for blank dollars are no dollars. We cannot make contracts for parties; we can only interpret them to enforce them. We interpret this to mean, that ———— dollars are the measure of damages agreed upon by these parties, and they are no dollars, and therefore nothing was to be paid. The judgment is affirmed.

*Judgment affirmed.*