SPRING GARDEN INSURANCE CO. V. HARRY LEMMON, T. J. PRICE AND L. R. GENEVA, Appellants.

Sureties:   SIGNING BOND NEGLIGENTLY:  *False representations*.   The fact that sureties sign a bond without reading it, though they
1   have opportunity to do so, in reliance on false representations of the principal obligee that it is only a recommendation of the latter, does not relieve from liability thereon.

BOND WITH PENALTY LEFT BLANK.   Where a bond of an agent to his principal does not contain a general provision to answer for
2   the default of the agency, and a provision creating a specific liability in case of such default is defective in leaving the amount blank, the sureties are not liable thereon.

*Obligee may not fill blank*.   Where sureties on the bond of an agent to his principal sign the bond without reading it, and in reli-
3   ance on false representations of the agent that it is only a recommendation, and the bond is defective in leaving the penalty blank, its delivery does not authorize the principal to fill in the penalty as against such sureties, and they are not liable thereon.

*Appeal from Mahaska District Court.*—HON. JOHN T. SCOTT, Judge.

THURSDAY, MAY 16, 1901.

THE defendant Lemmon was agent for plaintiff company at Oskaloosa.   As such agent he gave a bond to secure plaintiff for any moneys belonging to it which might

come into his hands. Defendants Price and Geneva were sureties thereon. This action is brought on such bond to recover a balance due from Lemmon. There was a directed verdict for plaintiff, and from the judgment rendered thereon defendants appeal.—*Reversed.*

*L. C. Blanchard* and *Bolton, McCoy & Bolton* for appellants.

*Lacey & Lacey* for appellee.

Waterman, J.—Lemmon was not served with notice of this action, and does not appear. The sureties set up as a defense that they signed the bond without reading, at Lemmon's request, and upon his statement that it was a recommendation, to be used in enabling him to secure the agency of defendant company, and imposed no liability on the signers; that the bond contained no fixed penalty when signed, and the amount of $300 was thereafter inserted by some person without the knowledge or consent of defendants; and that a certificate of acknowledgment was afterwards added, although neither of these defendants ever acknowledged the same, or consented to such addition.

I. Defendants, as they testify, signed this instrument without reading it, relying solely upon Lemmon's statement of its terms. Nothing was done to prevent them from acquainting themselves with its contents, had they so desired. As this court has frequently held, this is such indifference as will preclude a remedy in their behalf in the event of deception. *McCormack v. Molburg*, 43 Iowa, 561; *Bannister v. McIntire*, 112 Iowa, 600, and cases cited therein. Defendants must be held bound by their signatures, in so far as the instrument expresses a legal obligation.

II. The evidence tended to show that the bond was made out on a printed form, which contained, among other blanks, a space for the insertion of the penalty. When

signed, this blank was not filled. Afterwards, without the sureties consent or knowledge, the words "three hundred" were written in by an agent of plaintiff. The general rule is that a bond in which the amount of the penalty is left blank is invalid, and no action can be maintained thereon. *Copeland v. Cunningham*, 63 Ala. 394; *Church v. Noble*, 24 Ill. 291; *Evarts v. Steger*, 6 Or. 55; *Case v. Pettee*, 5 Gray, 27; 'Brandt, Suretyship, section 26. It may be, if a promise to make good the agent's default had appeared in the defeasance part of the obligation, it could be enforced. *Treasurer v. Douglas*, 77 Mo. 647. No such promise appears there, however. That portion of the instrument simply recites Lemmon's appointment as agent of plaintiff company, defines his duties, and concludes with the statement that, if the duties are performed, "then this obligation to be void, and of no effect, otherwise, to remain in full force and virtue." Nowhere in the bond is there a promise to pay any money except —— dollars, and that is no promise in law.

III. It is insisted on behalf of appellee that the delivery of the bond in blank amounted to a consent by implication on the part of the sureties that the blank might be filled. Whatever force there would be in this claim if the sureties had executed and delivered the bond with knowledge of its character, there can be none under the circumstances which the testimony tends to disclose here. They supposed, when they signed this paper, that it was a mere recommendation, and obligated them to no pecuniary liability. They are held bound by their signatures upon a principle in the nature of an estoppel. But this holds them only to the instrument as it was when signed. Their negligence affords no ground for imposing on them any other obligation than was expressed in the instrument as it was when they affixed their names to it. The implied authority to fill blanks rests upon the theory of consent, and, where the circumstances shown,

negative consent, as they do here, the authority is denied. 2 Am. & Eng. Enc. Law, 254. The case should have gone to the jury.—REVERSED.