J. R. RHYNE v. WILLIAM R. RHYNE.

(Filed 20 November, 1912.)

1. Appeal and Error—Second Appeal—Res Adjudicata.

Matters finally adjudicated on a former appeal are *res adjudicata* on a second appeal, and only new questions of law properly presented will then be considered.

2. Contracts — Bond for Performance — Collateral Matters—Liquidated Damages—Penalty—Measure of Damages.

Where a stipulated sum is wholly collateral to the object of the contract sued on, and was evidently inserted merely as a security for its performance, it will not be allowed to control the amount of the recovery as liquidated damages or as a penalty beyond which a recovery can be had, when the action is brought upon the contract which the bond was given to secure.

WALKER, J., and ALLEN, J., dissenting.

APPEAL by plaintiff from *Lyon, J.,* at March Term, 1912, of GASTON.

Civil action. This issue was submitted to the jury: "Is the defendant indebted to the plaintiff on account of the bond or obligation sued on, and if so, in what amount? Answer: Yes; $400."

His Honor rendered judgment for $225. Both plaintiff and defendant excepted and appealed.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Brown.*

A. C. Jones, Mangum & Woltz for plaintiff.
Burwell & Cansler, Wilson & Valz for defendant.

PLAINTIFF'S APPEAL.

BROWN, J. All the questions presented by the appeals in this case, except the one presented now by plaintiff's appeal, were passed on and adjudicated in an action between the same parties, reported 151 N. C., 400.

In that case a copy of the obligation sued on is set out, and the facts are practically the same as in this. The consideration of the bond or obligation was a conveyance to the defendant by his father of a certain tract of land. The bond was executed to

secure the performance of the defendant's agreement to provide a support for his imbecile brother, James R. Rhyne, the plaintiff in this case.

It is useless to repeat what is stated in the opinion in that case. As between the parties to this action, it is *res adjudicata.*

The only question we need consider now is the ruling of his Honor that the plaintiff is limited in the sum total of his recoveries upon the obligation to $1,000. In the former case, plaintiff recovered $775. His Honor rendered judgment in this case for $225 only.

The plaintiff is not suing to recover the penalty of the bond, but to enforce the performance of the contract to secure which the bond was executed.

This contract, as we held in the former case, was entered into to secure to plaintiff a support during his life. In that opinion we said: "We do not think that the failure to fill up the blank space avoids the contract and renders it impossible for plaintiff to recover. On the contrary, we are of the opinion that the failure to fill up the blank manifests a purpose not to limit the amount thought to be necessary for plaintiff's support when not living with defendant excepting by such limitations as is imposed by the condition of life in which plaintiff had lived.

"To arrive at the intent of the parties, it is proper to look at the entire instrument, the condition of the parties, and the purpose for which it was entered into.

"The father had made provision for himself, and at the same time he undertook to provide for his weak-minded son. The sole purpose which induced the father to convey the land to the defendant was to secure the support for plaintiff."

The sum of $1,000, inserted in the bond to secure the performance by defendant of his agreement, was intended neither as a penalty nor as liquidated damages.

It is generally held that where the stipulated sum is wholly collateral to the object of the contract, being evidently inserted merely as security for performance, it will not be allowed as liquidated damages or as a penalty beyond which recovery cannot be had. *Robinson v. Cathcart,* 2 Cr. C. C., 590; *Richards v. Edick,* 17 Barb. N. Y., 260; 1 Sedgwick on Damages, sec. 410, and cases cited.

In a case very much like this, the West Virginia Court said: "The sum stipulated is only collateral to the object of the contract; that object is support and maintenance. Most evidently the sum was inserted simply as security for the performance. There is nothing so peculiar in the case as to make us view it otherwise. Where the stipulated sum is wholly collateral to the object of the contract, being evidently inserted merely as security for performance, it will not be allowed as liquidated damages." *Wilkes v. Beimer,* 69 S. E., 366.

In *New Holland v. Lancaster Co.,* 71 Pa. St., 442, a case directly in point, the Supreme Court of Pennsylvania said: "It is not a mere bond in a penalty on a condition to be void upon the doing or not doing of a collateral act, either by the obligor or a third party. Such is the usual case in official bonds with sureties conditioned for the faithful performance of the duties of some office, or for accounting for money, or an ordinary private bond of indemnity by sureties. In such cases it may be conceded that the penalty of the bond is the limit of liability on the instrument itself." Citing *United States v. Arnold,* 9 Cranche, 104.

And further in this opinion it is said: "The weight of authority is very preponderant that upon such a bond with a penalty, covenant will lie to recover damages, and that wherever such is the case the amount of damages recovered may exceed the penalty."

The principle is well stated by *Lord Mansfield* in *Lowe v. Peers,* 4 Burr., 2228. "There is a difference in covenants general and covenants secured by a penalty or forfeiture. In the latter case the obligee has its election, and he may either bring an action of debt for the penalty and recover the penalty (after which recovery of the penalty he cannot resort to the covenant, because the penalty is to be a satisfaction of the whole), or, if he does not choose to go for the penalty, he may proceed upon the covenant and recover more or less than the penalty *toties quoties.*"

The following additional authorities will be found to sustain the conclusion we have reached: Hale on Damages, 123-217;

---

BOARD OF EDUCATION *v.* REMICK.

---

*Perit v. Wallace,* 2 Dallas, 252; *Meinert v. Boltcher,* (Minn.) 62 N. W., 276; *Sherman v. Gray,* (Col.) 104 Pac., 1004; *Noys v. Phillips,* 60 N. Y., 468.

In this last case the Court said: "Being a penalty and containing an agreement *inter partes,* the plaintiff has his election to sue for the penalty or for the breach of the contract. In the latter event he is not limited in the amount of damages to the penalty."

Both the actions brought by plaintiff are upon the contract to secure the performance of which the bond was given, and the plaintiff is not limited in his recoveries to the penalty named in the instrument.

Let judgment be entered in the Superior Court for the sum of $400, the sum assessed by the jury.

Error.

### DEFENDANT'S APPEAL. SAME CASE.

PER CURIAM. What we have said in plaintiff's appeal disposes of the defendant's appeal. The defendant will pay the costs of both appeals.

Affirmed.

WALKER, J., and ALLEN, J., dissenting.