MARTHA E. MARTIN ET AL. v. J. W. MARTIN ET AL.

(Filed 23 April, 1913.)

1. Contracts, Written—Interpretation—Intent.

A written contract should be so construed as to effectuate the intent of the parties as gathered from the entire instrument, in accordance with the language used therein, in proper instances taking into consideration the condition of the parties and the purpose for which it was entered into.

2. Same—Reasonable Interpretation—Existing Conditions.

Where a written contract is susceptible of two meanings, one of which will render it valid and the other invalid, or if one is reasonable and the other unreasonable, the construction will be adopted which will give life and force to the writing.

3. Same—Acts of the Parties.

The words of a written instrument or bond for the support of another is generally construed most strongly against the party using them, and in cases of doubt the construction adopted by the parties will have weight.

4. Same—Support of Another—Breach of Contract—Payee—Beneficiaries—Rights of Action.

Where a conveyance of lands is made in consideration of the support of the grantors, expressed in a separate instrument of writing, or bond, which was done for a while and discontinued by the act and fault of the obligor, in violation of its terms, the obligees thereunder may recover such sum or sums of money necessary for a reasonable support, though the bonds may not specify to whom it was to be payable, the plain intent of the instrument being that those for whose benefit the instrument was made are those to whom the money should be paid.

5. Contracts, Written—Breach—Support of Another—Death of Obligee — Abatement — Executors and Administrators—Parties—Courts—Rules.

Where the obligor on a bond given for the support of another for life, and for a valuable consideration, has failed to comply

MARTIN *v.* MARTIN.

therewith, and the obligee has since died, leaving the obligor responsible under the terms of the bond for moneys due for the former's reasonable support, the action upon the bond, brought by the obligee, does not abate upon his death, and the Superior Court clerk has the authority to make his administrator a party (Revisal, sec. 417) ; or he could be made a party under Supreme Court Rule No. 46.

APPEAL by plaintiff from *O. H. Allen, J.,* at September Term, 1912, of FORSYTH.

This is an action to recover upon a contract for support. The plaintiff alleges in her complaint:

1. That she is the mother of the defendant J. W. Martin, and now an old woman, about 90 years old; that for some time prior to the year 1907 she and her husband were the owners of a tract of land in Davidson County, North Carolina, containing some 50 or 60 acres, and she and her husband, being old, conveyed it to the defendants on condition and for the consideration that they would support the said plaintiff and her husband, James Martin, as long as they should live; that the husband died in a few months thereafter, leaving the plaintiff him surviving.

2. That on 1 January, 1907, the defendants entered into a bond with the plaintiff, in words and figures as follows:

NORTH CAROLINA—FORSYTH COUNTY.      January 1, 1907.

Know all men by these presents, that we, J. William Martin and wife, Eliza Martin, do hereby bind ourselves, our heirs, executors, and administrators, in the sum of ($1,000) one thousand dollars, to care and support of James Martin and Martha E. Martin, at our home during their lives, and that this shall be a first lien on the farm on which I now reside, containing 85 acres, adjoining Mrs. Reed, J. H. Willard, and others.

His
J. WILLIAM × MARTIN.
mark.
Her
ELIZA × MARTIN.
mark.

Witness as to J. W. Martin: E. P. Heitman.

That the private examination of the female defendant was taken and the said bond is recorded in Book 86 of Deeds, page 242, in the office of the Register of Deeds of Forsyth County.

3. That the plaintiff resided with the defendants for about two years, but the conduct of the defendants towards the plaintiff became so intolerable that it was impossible for her to live at the house of the defendants; that, among other things, the defendants failed to provide the proper food and clothing and care suitable for a person of plaintiff's age and physical condition; neglected plaintiff; undertook to control and supervise her conduct; forbade her to visit her other children, and when she did go to visit another, defendants stated that they would not permit plaintiff to return to the home of the defendants; on account of which, and other things, the home of the defendants is an impossible place in which plaintiff may reside.

4. That the value of the place given defendants was about $1,000, and they have sold said place and received the benefits arising therefrom, without reasonably complying with their agreement of support.

5. That the said bond is, as stated therein, a lien for $1,000 on the home place of the defendants, located in Broadbay Township, Forsyth County, North Carolina, adjoining the lands of Mrs. Reed, J. H. Willard, and others, and containing 85 acres, more or less, and more particularly described as follows:

*First Tract*—Beginning at a stone on the south side of Randolph Road and C. Reed's corner, running thence south with said Reed's line 16.49 chains to a stone, C. Reed's corner; thence east with said line 14.62 chains to a stone, Parnell's corner; thence north with said Parnell's line 25.32 chains to a stone in the south side of Randolph Road; thence southwardly with the said road 16.95 chains to the beginning; containing 30 acres, more or less.

*Second Tract*—Beginning at a stone in Parnell's line, and runs north 19.90 chains to a stone in Willard's line; thence north 86 west with said line 12.55 chains to a stone in said line; thence south 5.15 chains to a stone; thence north 86 west 956 chains to a stone in Glasscock's line; thence south 3/4 west 25.25

chains to a stone, Reed's corner; thence north 81 east 1.70 chains to a stone; thence northeastwardly with public road 16.95 chains to the beginning; containing 55 acres, more or less.

6. That for about the past sixteen months plaintiff, on account of the conduct of the defendants, and their failure to comply reasonably with the terms and conditions of said bond, has been forced to live with another son, and is in need of and, as she is informed, advised, and believes, entitled to receive from the defendants sufficient monthly funds to keep her in clothing, pay for medicine and medical care and attention and nursing while sick, and for board, all of which plaintiff alleges she is greatly in need of, and has been for some time, which plaintiff alleges should be $25 a month."

The defendants demurred as follows:

"That the said complaint fails to state a cause of action against these defendants, or either of them, in that the bond, or obligation, which is set out in paragraph 2 of said complaint is not payable to the said plaintiff or to the said James Martin, and that they are advised and believe that the failure of said bond or obligation sued on to be payable to any person does not give the said Martha E. Martin, plaintiff, as aforesaid, the right to bring this action against these defendants."

His Honor sustained the demurrer and dismissed the action, and the plaintiff excepted and appealed.

*Beckerdite & Beckerdite and J. E. Alexander for plaintiff.*

*Louis M. Swink, H. A. Sapp, and Benbow & Hall for defendants.*

ALLEN, J. The ruling of his Honor is predicated upon the idea that the action is wholly upon the paper-writing set out in the second paragraph of the complaint, and that there is no payee or obligee named therein, and this requires an examination and construction of the writing.

"The object of courts in the construction of a paper-writing is to find out what the parties to it intended, and whether apt language has been used to give effect to the intention" (*Hornthal v. Howcott,* 154 N. C., 229), and "to arrive at the intent

of the parties, it is proper to look at the entire instrument, the condition of the parties, and the purpose for which it was entered into." *Rhyne v. Rhyne,* 151 N. C., 403.

If it is susceptible of two meanings, one of which will render it valid and the other invalid, or if one is reasonable and the other unreasonable, the construction will be adopted which will give life and force to the writing.

The words used are generally construed most strongly against the party using them, and in cases of doubt, the construction adopted by the parties will have weight. Clark Cont., p. 402.

Applying these principles to the facts alleged, we find that the plaintiff and her husband, who has since died, two old people, conveyed their land in 1907 to the defendant, their son, for the consideration that he would support them during their lives, and that about the same time the said son and his wife executed the paper-writing; that the writing was probated and registered, and thereafter the plaintiff resided with the defendants; that the defendants provided support for a time, but failed to do so for sixteen months.

It was evidently the intention of the defendants to make the promise to the plaintiff and her husband, the parties have recognized it as a subsisting obligation, and to adopt any other construction would convict the defendant of practicing a fraud on his father and mother by obtaining their land upon a promise of support, and then evading performance because he had failed to write the paper correctly.

The principle in the case of *Leach v. Fleming,* 85 N. C., 449, is decisive of this. The Court there says: "The first and principal objection directed against the validity of the bond is the alleged absence of the name of an obligee. The obligation assumed by the defendant is that he will be responsible for the amount due on the note, identifying it by an accurate description of its terms, 'if the said Hyams and Dale (the debtors) fail to pay said note (amounting to $760) at maturity.' With whom does he covenant when he says 'I pledge myself to be responsible for the same'? Of course, it is with the person to whom the note to be paid is payable."

In the case at bar the defendant binds himself to the care and support of the plaintiff and her husband, and his obligation must be to those named who are to be benefited.

We are also of opinion that a cause of action is stated if the second paragraph be stricken from the complaint, as without it there is an allegation of a promise to support, based on a valuable consideration, and of a breach of the promise.

Reversed.

### DEFENDANT'S APPEAL.

After the judgment was rendered in the Superior Court and before the appeal was docketed in this Court, the plaintiff died, and her administrator was made a party plaintiff by the clerk, and this was approved by the judge, and defendant excepted and appealed.

The action did not abate by the death of the plaintiff, and her administrator will be entitled to recover such amount for support as was due at her death.

The clerk had authority under Revisal, sec. 417, to make the administrator a party, or he could have been made a party in this Court under Rule 46 of the Supreme Court.

Affirmed.