CORA MAY PEELER v. B. M. PEELER AND CORA MAY PEELER, FOR THE USE AND BENEFIT OF HER TWO CHILDREN, BURTON PEELER, JR., AND GRADY LEE PEELER, v. B. M. PEELER AND P. A. D. PEELER.

(Filed 27 January, 1932.)

1. **Husband and Wife C c—Rules for construction of bonds given to insure faithful performance of deeds of separation.**

     In construing a bond given to insure the faithful performance of a deed of separation, executed in accordance with a judgment of the court, the intent of the parties must be arrived at by taking into consideration all the paper-writings relating to the controversy, the condition of the parties and the purpose of the bond, the family relationships and the circumstances existing at the time of its execution.

2. **Same—Surety on bond for faithful performance of deed of separation could not be discharged by paying penal amount into court.**

     Where in an action by a wife against her husband a judgment has been entered requiring the defendant to pay the plaintiff a certain sum each month for a stated period, and in accordance with the judgment a deed of separation is executed to carry into effect the provisions of the judgment, the deed of separation providing that a bond should be executed which should be responsible "for each and every payment until the conditions of the judgment have been fully complied with," and a bond in accordance therewith is executed in a certain penal sum, and

is conditioned upon the principal's performance of the provisions of the judgment: *Held*, by interpretation of all the relative papers the penalty of the bond is not the limit of liability thereon, it being collateral to the purpose of the bond and inserted merely for security, and a judgment that the surety should be discharged upon payment into court of the penal sum of the bond is erroneous.

APPEAL by plaintiff from *Moore, J.*, at May Term, 1931, of ROWAN. Reversed.

This is an action primarily, to recover for certain periodical amounts, due under a deed of separation, etc., judgment of the Superior Court of Rowan County, for the support of two minor children of Cora May Peeler and B. M. Peeler. The defendant P. A. D. Peeler, the grandfather, being on the bond. The amounts claimed are from 1 August, 1930.

The court consolidated the two actions mentioned above. The judgment of the court below, in part, is as follows: "The court is of the opinion that the bond or instrument executed by the defendant, B. M. Peeler, and his surety, P. A. D. Peeler, is a penal bond, and that no greater sum than $300 can be recovered on it against the surety, and that if he pays, or causes to be paid, into court for the use and benefit of the plaintiff, the sum of $300 to cover all back installments up to 1 June, 1931, he shall then be released and discharged of future or further liability by reason of the execution of said instrument by him, even though B. M. Peeler should default in the future," etc. Plaintiff moved to strike from said judgment that part which holds that P. A. D. Peeler is not liable for any greater sum than $300, and also excepted to the judgment as signed. On the exceptions plaintiff assigned error and appealed to the Supreme Court.

The necessary facts will be set forth in the opinion.

*Charles Price and R. Lee Wright for plaintiff.*
*L. A. Swicegood for defendants.*

CLARKSON, J. The principal question involved on this appeal is whether P. A. D. Peeler is released by paying into court the sum of $300. We think not.

The intent of the parties is arrived at by taking into consideration all the paper-writings relating to the controversy, the condition of the parties and the purpose for which they were entered into. The setting surrounding the parties when the paper-writings were signed, the family relationship, the purpose of the entire paper-writings on the subject, must all be considered in arriving at the intent. *In re Westfeldt*, 188

N. C., 711; *Brown v. Brown,* 195 N. C., 315; *Ellington v. Trust Co.,* 196 N. C., 755; *Myers v. Barnhardt, ante,* 49.    Unfortunately, the plaintiff, Cora May Peeler, and the defendant, B. M. Peeler, who were man and wife, could not get along together. Born of the wedlock were two children, Burton Peeler, Jr., and Grady Lee Peeler. On 23 November, 1929, the said Cora May Peeler and B. M. Peeler executed, according to law, a deed of separation between them. *Archbell v. Archbell,* 158 N. C., 408.

In *Taylor v. Taylor,* 197 N. C., at p. 201, speaking to the subject: "On the ground of public policy, deeds of separation are not favored by the law, but under certain circumstances they are recognized by certain statutes, when signed in conformity thereto. C. S., 2515, 2516, 2529."

In the Superior Court of Rowan County, at November Term, 1929, a judgment was rendered in the action for Cora May Peeler against B. M. Peeler, requiring the defendant B. M. Peeler to pay plaintiff a certain sum each month for a stated period, to support and maintain her two children. The deed of separation between the parties, executed 23 November, 1929, in part, is as follows: "It is the purpose of this deed of separation to carry into effect all the provisions and stipulations set forth in the judgment of the court, and the defendant to pay to the clerk of the court of Rowan County the sum of $30.00 per month for the use and benefit of the two minor children until the oldest one becomes 18 years of age, and then thereafter the sum of $15.00 per month until the youngest child becomes 18 years of age, and when both children become 18 years of age, then the monthly allowance shall cease, but until the oldest one becomes 18 years of age, he shall pay $30.00 per month, and then thereafter $15.00 per month, which said amounts shall be paid to the clerk of the Superior Court of Rowan County on the first of each and every month during said period, the first payment to be made on 1 December, 1929, and then on the first of each and every month thereafter, according to the judgment of the court. . . . And it further having been agreed that B. M. Peeler execute a good and sufficient bond in the sum of $300, payable to Cora May Peeler for the use and benefit of her two children, for the faithful performance of the monthly allowance as set forth in the judgment of that court, and said bond having been executed and accepted. . . .    That Cora May Peeler have the absolute control, custody and supervision of her two children: Burton Peeler, Jr., and Grady Lee Peeler, and that B. M. Peeler pay to the clerk of the Superior Court of Rowan County the sum of $30.00 per month, payable on the first of each and every month thereafter until Burton Peeler, Jr., becomes 18 years of age, and then

thereafter the sum of $15.00 per month until Grady Lee Peeler becomes 18 years of age, as provided by the judgment of the court; *and the said bond shall be responsible for each and every payment until the conditions of the judgment of the court have been fully complied with."*

The bond of defendants, D. M. and P. A. D. Peeler, recites "Whereas B. M. Peeler was adjudged to perform certain conditions as set forth in a judgment rendered at November Term, 1929," etc. . . . "Whereas, the undersigned principal and surety bind themselves, their heirs, executors, administrators and assigns firmly by these presents to make said payments and to execute a bond in the sum of three hundred ($300) dollars, *to guarantee the faithful performance of the same;* Now, therefore, we, B. M. Peeler, as principal, and P. A. D. Peeler, as surety, acknowledge ourselves justly indebted to Cora May Peeler in the sum of $300, lawful money of the United States. *The condition of the above obligation is such* that if B. M. Peeler shall pay to the clerk of Rowan County, to be delivered by him to the plaintiff, Cora May Peeler, *the sum of $30.00 per month for the use and benefit of her two children, Burton Peeler, Jr., and Grady Lee Peeler, children of B. M. Peeler and Cora May Peeler,* that is $15.00 each per month until Burton Peeler, Jr., becomes 18 years of age, and after Burton Peeler, Jr., becomes 18 years old, $15.00 per month until Grady Lee Peeler becomes 18 years old, Grady Lee Peeler now being 6 years old, and shall make said payments on the first of each and every month as set forth in the judgment of the court, the first on 1 December, 1929, *and fully carry out the provisions of said judgment, then this obligation shall be void and of no effect; otherwise to remain in full force and effect."*

In *S. v. Bell,* 184 N. C., 701, it is held: Within the intent and meaning of C. S., 4447, the wilful abandonment by the father of his children of the marriage, until the youngest living child shall arrive at the age of 18 years, is made a separate offense of like degree with that of his wilful abandonment of his wife; and his duty to the children is not lessened by the fact that a decree of absolute divorcement has been obtained, the obligation to support his own children continuing after the marriage relation between him and his wife has been severed by the law. *S. v. Faulkner,* 185 N. C., 635; *S. v. Hooker,* 186 N. C., 761; *Jeffreys v. Hocutt,* 195 N. C., at p. 343-4.

Defendant B. M. Peeler was bound under the facts of record to support his two children or was guilty of a misdemeanor. C. S., 4447.

The judgment of Cora May Peeler *v.* B. M. Peeler, rendered at November Term, 1929, in part, is as follows: "The court finds as a fact upon the complaint and affidavits of the plaintiff that the defendant wilfully failed to provide the plaintiff and the two children by the marriage

with necessary or adequate subsistence according to his means and station in life. . . . That a 'deed of separation be executed between plaintiff and the defendant, which shall not affect or impair the obligations of the defendant as stated above; . . . and the court finding as a fact that the foregoing agreement of the defendant is fair and reasonable under the circumstances, and that the same should become a part of the judgment of this court based upon the facts found by the court. . . . That plaintiff have the custody, control and supervision of the two children: Burton Peeler, Jr.; age about 12, and Grady Lee Peeler, age 6. That the defendant pay to the clerk of the court and by him to the plaintiff for the use and benefit of said children, the sum of $30.00 per month, until Burton Peeler, Jr., becomes 18 years of age, and thereafter $15.00 per month until the youngest child becomes 18 years of age, as now provided by law; and that the payments be made monthly, the first on 1 December, 1929, and then on the first of each and every month thereafter."

The deed of separation, which is made a part of the judgment, provides that the above monthly sums be paid, and further: "That B. M. Peeler execute a good and sufficient bond in the sum of $300, payable to Cora May Peeler *for the use and benefit of her two children, for the faithful performance of the monthly allowance as set forth in the judgment of the court."*

B. M. Peeler was bound to pay each month the amounts above set forth to support his children, and was required to give $300 bond "for the faithful performance of the monthly allowance, as set forth in the judgment of the court." The bond was given and the father and P. A. D. Peeler, the grandfather, signed the same as above set forth, and the condition of the obligation is that B. M. Peeler shall pay the amounts agreed upon before mentioned, each month beginning 1 December, 1929, *"and fully carry out the provisions of said judgment then this obligation shall be void and of no effect, otherwise to remain in full force and effect."* B. M. Peeler, the father, and P. A. D. Peeler the grandfather, are liable for the payment on the first of each month, commencing 1 December, 1929, of the amounts agreed upon until each child becomes 18 years of age.

The record indicates that payments have been made from 1 December, 1929, to 1 August, 1930. The judgment, deed of separation, and bond, are all inter-related and must be construed together.

We have a decision, fully supported by authorities in this State, to sustain the position that the bond of P. A. D. Peeler by the payment of $300, as held by the court below, is not released. In *Rhyne v. Rhyne,* 151 N. C., 400, the material part of the bond necessary to be construed,

is as follows: "I, Wm. H. Rhyne, am held and firmly bound unto James R. Rhyne in the sum of $1,000," etc. The condition was that said Wm. H. Rhyne "shall and will, at his and their own proper costs and charges, maintain and keep the said James R. Rhyne for and during his natural life, with good and sufficient meat, drink, apparel, washing and lodging," etc. James R. Rhyne was an imbecile. In this action for a breach of the bond, the jury awarded $775, on appeal to this Court no error was found. The case came to this Court again, *Rhyne v. Rhyne,* 160 N. C., 559. In this latter case the jury awarded $400 for the breach of the bond, and the court below rendered judgment for $225, the judgment in the two cases amounting to $1,000, the sum set forth in the bond. This Court found error. At p. 562, it is said: "Both the actions brought by plaintiff are upon the contract to secure the performance of which the bond was given, and the plaintiff is not limited in his recoveries to the penalty named in the instrument. Let judgment be entered in the Superior Court for the sum of $400, the sum assessed by the jury." And at p. 560: "The sum of $1,000, inserted in the bond to secure the performance by defendant of his agreement, was intended neither as a penalty nor as liquidated damages. It is generally held that where the stipulated sum is wholly collateral to the object of the contract, being evidently inserted merely as security for performance, it will not be allowed as liquidated damages or as a penalty beyond which recovery cannot be had. *Robinson v. Cathcart.* 2 Cr. C. C., 590; *Richards v. Edick,* 17 Barb. N. Y., 260; 1 Sedgewick on Damages, sec. 410, and cases cited."

In *Wilkes v. Bierne,* 68 W. Va., at p. 85 (69 S. E., 366), we find the following: "The sum stipulated is one collateral to the object of the contract. That object is support and maintenance. Most evidently the sum was inserted simply as security for performance. There is nothing so peculiar in the case as to make us view it otherwise. 'Where the stipulated sum is wholly collateral to the object of the contract, being evidently inserted merely as security for performance, it will not be allowed as liquidated damages.' 1 Sedg. Dam., sec. 410."

In *City of Helena v. Fitzpatrick,* 36 Ark., 583, it is held: A bond in which the obligors acknowledge themselves to be indebted to the obligee "in the sum of seventy dollars and eighty-three cents (monthly rent), upon condition that, whereas, the obligors have leased from the obligee certain described premises, for the period of twelve months, for the sum of seventy dollars and eighty-three cents (monthly rent), to be paid in monthly installments of seventy dollars and eighty-three cents," and then providing that if the obligors should pay said sums as they become due, the bond should become void, binds the obligors for the

amount named for each successive month, and not merely for the penalty of the bond.

In *Meinert v. Bottcher, et al.,* 62 N. W., 276 (60 Minn., 204), it is held: Where a bond contains a contract for the performance of certain things, and the obligor binds himself in a penalty for the performance of the contract, the penalty is not the limit of recovery on the instrument. In an action for the breach of the contract, the obligee may recover damages as often as the breach arises, even beyond the penalty.

Said *Lord Mansfield,* in *Lowe v. Peers,* 4 Burrows, 2228: "There is a difference between covenants in general and covenants secured by a penalty or forfeiture. In the latter case the obligee has his election. He may either bring an action of debt for the penalty (after which recovery he cannot resort to the covenant, because the penalty is to be a satisfaction of the whole), or, if he does not choose to go to the penalty, he may proceed upon the covenant, and recover more or less than the penalty—*toties quoties.*" *Meinert v. Bottcher, supra;* 9 C. J., sec. 243, pp. 131-2.

This is not such a bond that the penalty is the limit of liability. The judgment, deed of separation and bond are all inter-related. This bond was security for the performance of a contract, that required on the 1st of each month designated payments for the support and maintenance of two children until they arrived at the age of 18 years. The father and grandfather (the bondsman) must both fulfil their obligations solemnly undertaken.

In *S. v. Jones,* 201 N. C., at p. 425-6, is the following: "The object of the statute (C. S., 1447) is to enforce the obligation, not by subjecting the father to a civil action at the instance of the children, but by the infliction of punishment for his dereliction. It would be a plain evasion of the legislative intent to hold that by suffering the penal consequences of a single violation of the statute the defendant could consign his destitute children to the embrace of charity and thus absolve himself from liability to further prosecution."

The defendant, B. M. Peeler, if he should wilfully fail or neglect to pay the sums agreed upon for the support and maintenance of the children could be indicted under C. S., 4447. See *West v. West,* 199 N. C., 12.

Then, again, the entire paper-writings indicate a continuing guarantee. *Lewis v. Dwight,* 10 Conn. Rep. (2d Series), p. 95; *Novelty Co. v. Andrews,* 188 N. C., 59. For the reasons given, the judgment below is

Reversed.