## No. 13,112.

### POHLY *v.* STAR LOAN COMPANY.
(32 P. [2d] 195)

Decided March 19, 1934. Rehearing denied April 23, 1934.

Mr. SIMON J. HELLER, Mr. JOSEPH D. ISKOW, for plaintiff in error.

MR. NATHAN H. CREAMER, Messrs. QUIAT & GINSBERG, for defendant in error.

*In Department.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE parties to this action are not in accord either as to its character or its object . The complaint of the plaintiff,

the Star Loan Company, alleges that it is a corporation organized under the laws of Colorado and that in September, 1929, for a valuable consideration the five defendants, including defendant Pohly, and each of them, executed their joint promissory note payable to the order of plaintiff in the principal sum of $800, bearing interest from September, 1929, at the rate of 12 per cent per annum. There is a further allegation that there has been paid upon the note by the defendants to the plaintiff the sum of $100, leaving a balance of principal due and owing in the amount of $700, together with interest thereon. Following this allegation is an alleged copy of the note which, in substance, is the same as the foregoing statement as to the contents of the instrument sued upon. This action, so far as it affects defendant Pohly, who is the only plaintiff in error, is not against him as one of the makers, but he is sought to be held liable as a guarantor or, as plaintiff claims, as endorser, upon the following paragraph of the instrument in question which he signed and which reads: ''The undersigned, having carefully read the above and foregoing promissory note for good and valuable consideration, severally guarantee to the payee the payment of the same to the extent of the amount set opposite his name and hereby agree to all terms of said note as to waiver of notice.'' This quoted language follows in the complaint the description of the promissory note proper. On the same sheet of paper and farther down thereon appears the following:

''Name Address Amount
Nathan E. Pohly,
 1629 19th St.''

''That following is the date and the amount of each of the payments made on account of the principal sum, to-wit:

| 11-18-29 | $30.00 By Pohly |
| 11-25-29 | 20.00 '' '' |
| 12- 9-29 | 10.00 '' '' |
| 1- 6-30 | 8.00 '' '' |

These four payments by Pohly aggregate the sum of $68. The plaintiff prays judgment against the defendants and each of them, jointly and severally, in the amount of $788.55, for attorney's fees and for costs of the action, and for general relief.

From the foregoing language it would appear, and such is the fact, that there were other defendants than Pohly, but he is the only defendant who appears here as plaintiff in error. To this complaint he filed in the district court a demurrer that it does not state facts sufficient to constitute a cause of action; for defect or misjoinder of parties defendant; that several causes of action have been improperly united, and that the complaint is ambiguous, unintelligible and uncertain in that it cannot be determined what liability, if any, is claimed against him, the defendant Pohly. The court overruled the demurrer. Defendant filed an answer containing six separate defenses. Upon the issues joined the court, as stated, found the facts in favor of the plaintiff and entered judgment in its favor in the sum of $788.55 and costs.

As nearly as we can ascertain the controlling question below was, as it is here, as to the nature and extent of Pohly's liability, if any there be, upon the writing heretofore in substance set forth. The defendant Pohly, plaintiff in error here, takes the position that his liability under the written instrument, if any there be, is that of a guarantor, not that of an endorser, and that he is not liable thereon at all in any amount because, by the very terms thereof, he is chargeable, if at all, only in a sum set opposite his name and written thereupon, and since no amount at all is set opposite his name in this instrument he is not liable to the plaintiff payee in any sum whatever.

Many cases cited in the defendant's brief are to the effect that where, as here, there is absent from a promissory note a specific sum for which a guarantor is sought to be charged, the instrument as to him is not enforcible. Among other authorities to this effect are *Spring Gar-*

*den Insurance Co. v. Lemmon,* 117 Iowa, 691, 86 N. W.
35; *Independent School District of Kellogg v. Morris,* 208
Iowa, 588, 226 N. W. 66; 28 C. J., page 935, §80, where
many similar cases are collected.

 In our view, however, these authorities are
inapplicable to the facts of the case in hand which are
radically different from the facts of the cases above
cited. Notwithstanding what we have just said as to the
nature and effect of this guaranty clause in Pohly's
contract, he, before any controversy arose, and in his
answer to the complaint, voluntarily placed upon it a
construction that he was liable thereon by his four sep-
arate payments on the note aggregating the sum of $68.
He thus recognized his liability on this instrument as a
guarantor thereof, even though no amount was placed on
the instrument opposite his signature, notwithstanding
which he voluntarily, at four different times after he
signed it, paid an aggregate amount of $68 thereon and
by this payment he recognized his liability. The mere
failure to set opposite his signature the amount for which
he was willing to be held liable is cured by his subse-
quent payments on his alleged guaranty. Such payments
by Pohly upon the instrument which he signed constitute
a recognition by him of his obligation as a guarantor to
pay. In *Cohen v. Clayton Coal Co.,* 86 Colo. 270, 281
Pac. 111, this court, as stated in the syllabus, said: ''The
practical interpretation given a contract by the parties
while engaged in its performance, and before any con-
troversy has arisen concerning it, is one of the best in-
dications of their true intent.'' This statement is pecul-
iarly applicable to the case in hand. Pohly's voluntary
payments in legal effect were equivalent to a recognition
by him that he was bound to make such payments even
though there was a failure by him to place opposite his
name the amount of his guaranty.

 In speaking of a guaranty, and that is what
Pohly himself claims this instrument is on his part, in 28
C. J., p. 933, the author says that when the sum is un-

certain, it must be taken in the sense in which the promisor had reason to suppose it was understood by the promisee. And if the language of the guaranty is susceptible of different meanings, that meaning should be given, if possible, which will uphold or render it valid rather than one which will destroy it or render it invalid. And what is particularly applicable to the instant case the author says: ''Where the parties have given the guaranty a practical construction, such as by their acts in carrying it out, such construction should be given great, if not controlling, weight.'' Let that statement be applied to the facts in this case. When Pohly, knowing that no amount was set opposite his name on this written instrument, nevertheless at four different times after he signed the same paid to the plaintiff company thereon an aggregate sum of $68, this was a distinct recognition by him that he was bound thereby.

There are other grounds upon which we think the judgment of the district court might be affirmed, but for reasons hereinabove given alone the judgment of the district court was right, and it is therefore affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE HILLIARD concur.