**ATLANTIC GREYHOUND CORP. v. SMITHDEAL et al.**

**No. 377 Civ.**

United States District Court
M. D. North Carolina, Winston-Salem Division.

June 27, 1951.

Womble, Carlyle, Martin & Sandridge, Winston-Salem, N. C., for plaintiff.

Deal & Hutchins, Winston-Salem, N. C., for defendants.

HAYES, District Judge.

This controversy arises over the interpretation of a written contract by the terms of which the defendants leased certain unimproved real estate to the plaintiff for a term of fifteen years at a fixed rent per month throughout the entire term, but plaintiff was to erect the improvements for a bus station and pay the taxes. The agreement also contained an option to purchase the premises as follows: (1) during the first year the purchase price was $140,000 and $2,000 more each year or $168,000, if not purchased until the fifteenth year; (2) during the first five years no consideration was required for the option other than the rentals; (3) if tenant fails to exercise the option to purchase during the first five years, then for an additional sum of $2,000 to be paid by the tenant on or before July 1, 1946, the landlord would grant a further option to purchase for a second period of five years; if the option is exercised, the

$2,000 is to be credited on the purchase price; (4) if the option is not exercised during the second five years, then for the additional sum of $2,000 to be paid on or before July 1, 1951, tenant would grant landlord a further option to purchase during the third five year period. If the option is exercised during this period, then the $2,000 paid is to be credited on the purchase price. The contract is silent about returning any of the option money in either instance if tenant fails to purchase.

The contract was written by an able lawyer employed by the tenant but later the landlord paid half of the fee to the tenant. Of course the contract is to be construed under the law of North Carolina.

 The rule here is well established in accordance with the general rule prevailing elsewhere that a written contract must be considered from its "four corners" as an entirety and where the language is unambiguous the intent must be gathered from the instrument itself. Perry v. Southern Surety Co., 190 N.C. 284, 129 S.E. 721. The object of construction is to ascertain and effectuate the intent of the parties and when construing a contract the language used, the subject matter and purpose may be considered. Rhyne v. Rhyne, 151 N.C. 400, 66 S.E. 348; Faust v. Rohr, 166 N.C. 187, 81 S.E. 1096; Peeler v. Peeler, 202 N.C. 123, 162 S.E. 472; Town of Lumberton v. Hood, 204 N.C. 171, 167 S.E. 641.

 It is likewise established in this state that an option or an option to purchase is unilateral, binding only on the seller until exercised by the purchaser and must be construed strictly in favor of the maker because the other party is not bound to purchase; time is of the essence of such a contract and the conditions imposed in the contract must be fully complied with. Winders v. Kenan, 161 N.C. 628, 77 S.E. 687; Jerome v. Setzer, 175 N.C. 391, 95 S.E. 616; Williston on Contracts, sec. 620.

Applying these principles to the construction of the contract here, it is evident that the tenant was to invest a considerable amount in improvements which would be amortized over a period of fifteen years with a monthly rental low in rate, based on the entire investment. At all events the tenant would have the use of the property a minimum of fifteen years. Realizing that it might be profitable for the tenant to purchase the property, it sought and obtained an option to purchase the premises at $140,000 the first year which price increased at the rate of $2,000 each additional year, reaching $168,000 the fifteenth year. During the first five years no additional consideration was required for the option. If an election to purchase was not made during that period, then upon the payment of an additional $2,000 a further option is granted for another five years, to be credited on the purchase price, if the option is exercised during that five years. If it is not exercised, the tenant keeps the $2,000 paid for the option. But the right to extend the option for another five years is preserved. If the $2,000 is paid for the further option of the second five years and the option is not exercised, then on payment of an additional sum of $2,000 on or before July, 1, 1951, a further option to purchase would be granted during that last five year period and if the option is exercised during this period, the $2,000 paid for this further option would be credited on the purchase price, otherwise it would be retained by the landlord.

 It seems clear from the contract that but one option to purchase is granted—which irrevocably binds the owner during the first five years. If the tenant pays an additional $2,000 on or before July 1, 1946, the option is extended, renewed or kept alive another five years; if the tenant fails to revive it in the manner according to its terms, the option terminated on the expiration of the first five years. The option having expired at the end of the first five years and not being in existence during the second five years, the tenant could not revive it without the consent of the landlord by paying $2,000 only for the third five years. The sum of $2,000 to be bound for the second five years was a reasonable sum to keep such valuable property off of the market. Nor is it reasonable to as-

sume that the landlord contemplated tying up the property the last five years for $2,000 if the tenant failed to pay $2,000 for a further option for the second five years. If the landlord is to be tied to a sale for an additional ten years after the expiration of the first five years, the total cost to the tenant was $4,000 all of which enured to the landlord if the purchase was not effected but $2,000 of it would be credited on the purchase price if made during the last five years. This construction gives meaning to every part of the contract and harmonizes each part with all other portions of the contract. Hartford Acc. & Indemnity Co. v. Hood, 226 N.C. 706, 40 S.E.2d 198.

To adopt and approve the position now taken by the plaintiff would require a reversal of the rule applicable to options to purchase and require such a contract to be construed strictly against the maker and even then we would be led to the absurd result that an option agreement which on its face is to run fifteen years on specified conditions will still be enforced in a manner which takes away from the landlord $2,000—the consideration for keeping the option alive during the second five years.

■ The letter of November 25, 1940, is admitted as evidence, although objected to by the defendants. The attorney in drafting the final contract embodied the proposition contained in the letter. When properly construed, the letter leads us to the conclusion we reach in construing the final contract. It is inconceivable that an experienced real estate dealer would have tied up his property to sell it during the last five years of the fifteen year lease without being obligated to sell during the preceding 10 years. It is manifest that he expected $2,000 as a consideration for each of the last two five year option periods. Neither the letter nor the contract warrants a construction that an option which was unenforceable during the second five years could be revived for the last five years upon the payment of only $2,000.

It is not necessary to discuss the other questions, and what has been said disposes of the case on its merits.